### NEWTON, Exrx et v GILBERT et

Ohio Appeals, 9th Dist, Wayne Co
No. 862. Decided April 30, 1931

Weygandt & Ross, Wooster, for Newton.
A. B. Etling and Troutman & Taggart, Wooster, for Taylor.

**WASHBURN, J.**

It is claimed that the language used in item two, construed in the light of all of the provisions of the will and the circumstances surrounding the testator at the time the will was made, indicate an intention on his part to give the fee simple title of the property to his wife in trust for his children. We find no other language in the will indicating such intention.

The rule supported by the great weight of authority, is that, where the intention to create a trust is indicated only by precatory words, no trust will be created unless the precatory words denote that the request of the testator is in the nature of an imperative direction.

In early times the rule in England was that a request was considered as prima facie imperative, but the modern rule in England and in most of the states is that a mere request does not import a command.

. In this case there can be no question but that the testator gave his wife a fee simple estate; did he intend that she should have a beneficial interest in the estate, or did he intend that she should hold the estate in trust for his children?

We cannot doubt but that he intended to give his wife a beneficial interest, and such beneficial interest is in no wise expressly limited; there is no provision against sale or consumption or any direct gift over; the extent of her beneficial interest is indicated by the gift to her "absolutely," which negatives the idea of a trust, and there is nothing in the will or the surrounding circumstances to indicate an intention to create a trust except the words "and

request my wife, that in case she is in possession of the aforesaid devised house or any part of the unexpended proceeds of the sale of the same, at her death, that she will the same to my children."

This language does not indicate an intention of the testator to give a beneficial interest in the property to his children, but only a "request" that his wife "will" the same to his children, and even such request was operative only in case she possessed the property or some part of the proceeds thereof at her death, which, when the whole will and all the circumstances are considered, seems to us to indicate that the intention of the testator was that the wife should have the full beneficial interest, with the right to dispose of the same at her discretion; that she was merely requested to exercise her discretion in a certain way, but was not imperatively directed to do so, and was not merely an instrument to distribute the property to the testator's children.

No trust having been created by said will, the defendants Warren Taylor, Pauline N. Trench, Thelma G. Trench and Helen Trench have no interest in said real estate, and Lutie E. Taylor became the absolute owner in fee simple thereof under the provisions of the will of John Marshall Taylor.

A decree may be drawn in accordance herewith.

PARDEE, PJ, and FUNK, J, concur.